## Lucinda A. Robbins and another v. William B. Barron.

*Tax liens: Statute construed: Subsequent tax-title.* The statute (*Comp. L. 1871, § 1131*) authorizing a recovery for the amount paid by the plaintiff for tax-titles which for certain specified reasons are not valid, and making the same a lien upon the land, does not warrant a judgment declaring the amount so paid by plaintiff a paramount lien to that of a subsequent tax-title held by another upon the same land, which, though invalid as a title, is within the protection of the statute as a lien on the land.

*Submitted on briefs and decided October 11.*

Error to St. Clair Circuit.

*Atkinson & Atkinson,* for plaintiffs in error.

*George E. Wasey* and *F. A. Baker,* for defendant in error.

PER CURIAM:

In this case a judgment is entered declaring the amount paid for tax-titles and for taxes by Barron a paramount lien on the land, and the land is ordered to be sold for satisfaction of the amount. This is done on the assumption that his tax-titles did not convey the land, and in the face of the subsequent tax-title of John Atkinson. This the judge finds is invalid, but on grounds that would not invalidate a lien on his behalf for the amount of the tax paid. On what ground Barron's lien is to be preferred to Atkinson's we are not informed, nor can we conjecture.

There are some difficulties in giving a proper construction to the statute under which Barron obtained judgment for taxes paid, but they are not important here, because in any view he showed no right of recovery. The statute *(Comp. L., § 1130)* limits the right to question a tax-title to one having "title," and the judge expressly finds that Barron had no title. He had only a claim for taxes paid, and that, for all that appears in this record, if not cut off by Atkinson's purchase, would certainly be subordinate to it.

The judgment is reversed, with costs, and a new trial ordered.